

U.S. Department of Justice

*United States Attorney*
*Eastern District of Louisiana*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED    SEP 1 5 2009

LORETTA G. WHYTE
            CLERK

| | | |
|---|---|---|
| *Carter K. D. Guice, Jr.* | 500 Poydras Street, Room B210 | Telephone: (504) 680-3072 |
| *Assistant U. S. Attorney* | New Orleans, Louisiana 70130 | Fax: (504) 589-3594 |

September 15, 2009

Honorable Carl J. Barbier
United States District Judge
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

Re:   United States v. Jodie T. Hoang
      Criminal Docket No. 09-243 "J"

Dear Judge Barbier:

In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (5th Cir. 1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the government wishes to acknowledge the following agreement between the government and Jodie T. Hoang, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Pius A. Obioha, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

The government intends to present to a Bill of Information in the Eastern District of Louisiana against the defendant, Jodie T. Hoang, Hoang with computer fraud, a violation of Title 18, United States Code, Section 1030(a)(4). The government will allow the defendant to plead guilty as charged and agrees that it will not bring any other charges in the Eastern District of Louisiana arising from defendant's theft of money from Standard Mortgage Corporation. No other member of Hoang's immediate family, namely siblings or parents will be prosecuted in this matter. David A. Bell will not be prosecuted for these crimes either.

The defendant further understands that the maximum penalty defendant may receive should her plea of guilty be accepted is five (5) years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to three (3) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives her rights to appeal from her conviction and/or her sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives her right to contest her conviction and/or her sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself. Subject to the foregoing, the defendant reserves the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum.

The defendant understands that she may have the right to request DNA testing of physical evidence in the government's possession and applicable to this case pursuant to Title 18, United States Code, Sections 3600 and 3600A. Pursuant to this agreement, the defendant knowingly and voluntarily waives and relinquishes any such right and fully understands that, as a result of this waiver, the defendant will not have another opportunity to have the physical evidence in this case submitted for DNA testing or to employ the results of DNA testing to support any claim of innocence regarding the offense(s) to which the defendant is pleading guilty. In addition, the defendant also understands that the government may dispose of such evidence upon the defendant's entering a plea of guilty.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within her possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
CARTER K. D. GUICE, JR.
Assistant United States Attorney


_____   9/15/09
PIUS A. OBIOHA                (Date)
Attorney for the Defendant

_____   09/15/09
JODIE T. HOANG                (Date)
Defendant